UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLMA I. PAGAN,<br><br>       Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Civ. No. 17-769-KM<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Ms. Solma Pagan brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) to review a final decision of the Commissioner of Social Security ("Commissioner") denying her claims to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–34, and Supplemental Security Income ("SSI"), 42 U.S.C. § 1381. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is REMANDED.

### I. BACKGROUND

Ms. Pagan seeks to reverse a finding that she did not meet the Social Security Act's definition of disability from October 26, 2012 to September 25, 2015. (R. 55; Pl. Br. 1).[1] Ms. Pagan applied for DIB and SSI on March 11, 2013. (R. 47). In both applications, she alleged disability beginning October 26,

---

[1] Citations to the record are abbreviated as follows:
"R." = Administrative Record (ECF no. 7)
"Pl. Br." = Memorandum of Law on Behalf of the Plaintiff (ECF no. 12)
"Def. Br." = Defendant's Brief Pursuant to Local Civil Rule 9.1 (ECF no. 13)
"Pl. Reply" = Reply Brief on Behalf of the Plaintiff (ECF no. 14)

1

2012.[2] (R. 47). These claims were denied initially on July 30, 2013, and upon reconsideration on October 30, 2013. (R. 47, 192-205). On November 22, 2013, Ms. Pagan filed a written request for a hearing. (R. 47, 206-08). On April 29, 2015, Ms. Pagan appeared and testified at a hearing before ALJ Richard West. (R. 47, 72-88). Ms. Pagan was represented at the hearing by Ari Nat. (R. 72-88).

The ALJ then submitted written interrogatories to Vocational Expert ("VE") Rocco J. Meola. (R. 381-88). The ALJ forwarded the VE's responses to Ms. Pagan's then-attorney. (R. 390-99). Ms. Pagan requested a supplemental hearing about those interrogatories. (R. 401). A notice was issued for a supplemental hearing on September 4, 2015 at 3:00pm. (R. 253-55). According to Ms. Pagan, she received a phone call on September 3, 2015 from her representative, stating that the hearing might be rescheduled for 11:30am; she would receive a telephone call if the time changed. (R. 39). At 11:15am on September 4, 2015—*i.e.*, the day of the hearing—Ms. Pagan allegedly received a phone call from her attorney, who asked if she was going to attend the hearing at 11:30am. (R. 39). By that time, Ms. Pagan was unable to attend the hearing because it would take her at least thirty minutes to drive to the hearing office. (R. 39). Ms. Pagan's attorney then allegedly told her that her appearance was not necessary. (R. 39). The supplemental hearing was held on September 4, 2015 at 10:38am, without Ms. Pagan. (R. 47, 39-40, 74-87). VE Meola, Ms. Pagan's attorney Timothy Lodge, and ALJ Richard West attended. (R. 47).

On September 25, 2015, the ALJ issued a decision which found her "not disabled" for purposes of the Social Security Act. (R. 47-55). Ms. Pagan sought review from the Appeals Council. (R. 1-4). At this time her attorneys terminated their relationship with her. (R. 37-38). Ms. Pagan then contracted with different attorneys. (R. 34; Pl. Br. 3-4). Additional evidence was submitted to the Appeals Council, (R. 1090-1154), which was not before the ALJ. (Pl. Br. 4). The Appeals Council found that there were no grounds for further review. (R. 1-4). Ms.

---

[2] Ms. Pagan reports that she was previously denied disability benefits on October 25, 2012. (Pl. Br. 17). This is why she alleges disability starting on October 26, 2012.

2

Pagan then appealed to this Court, challenging the ALJ's determination that she was not disabled from October 26, 2012 to September 25, 2015. (Pl. Br. 1-4).

## II. DISCUSSION

To qualify for DIB or SSI, a claimant must meet income and resource limitations and show that she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted (or can be expected to last) for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382, 1382c(a)(3)(A),(B); 20 C.F.R. § 416.905(a); *see Illig v. Comm'r Soc. Sec.*, 570 F. App'x 262, 264 (3d Cir. 2014); *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503 (3d Cir. 2009).

### A. The Five-Step Process and This Court's Standard of Review

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. This Court's review necessarily incorporates a determination of whether the ALJ properly followed the five-step process prescribed by regulation. The steps may be briefly summarized as follows:

**Step One:** Determine whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, move to step two.

**Step Two:** Determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, move to step three.

**Step Three:** Determine whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Pt. 404, subpt. P, app. 1, Pt. A. (Those Part A criteria are purposely set at a high level to identify clear cases of disability without further analysis.) If so, the

3

claimant is automatically eligible to receive benefits; if not, move to step four. *Id.* §§ 404.1520(d), 416.920(d).

**Step Four:** Determine whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)–(f), 416.920(e)–(f). If not, move to step five.

**Step Five:** At this point, the burden shifts to the Commissioner to demonstrate that the claimant, considering her age, education, work experience, and RFC, is capable of performing jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007). If so, benefits will be denied; if not, they will be awarded.

As to all legal issues, this Court conducts a plenary review. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). As to factual findings, this Court adheres to the ALJ's findings, as long as they are supported by substantial evidence. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citing 42 U.S.C. § 405(g)). Where facts are disputed, this Court will "determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted). Substantial evidence "is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.* (internal quotation marks and citation omitted).

> [I]n evaluating whether substantial evidence supports the ALJ's findings ... leniency should be shown in establishing the claimant's disability, and ... the Secretary's responsibility to rebut it should be strictly construed. Due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.

4

*Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal quotation marks and citations omitted). When there is substantial evidence to support the ALJ's factual findings, however, this Court must abide by them. *See Jones*, 364 F.3d at 503 (citing 42 U.S.C. § 405(g)); *Zirnsak*, 777 F.3d at 610-11 ("[W]e are mindful that we must not substitute our own judgment for that of the fact finder.").

This Court may, under 42 U.S.C. § 405(g), affirm, modify, or reverse the Commissioner's decision, or it may remand the matter to the Commissioner for a rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984); *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 865-66 (3d Cir. 2007).

Remand is proper if the record is incomplete, or if there is a lack of substantial evidence to support a definitive finding on one or more steps of the five-step inquiry. *See Podedworny*, 745 F.2d at 221-22. Remand is also proper if the ALJ's decision lacks adequate reasoning or support for its conclusions, or if it contains illogical or contradictory findings. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000). It is also proper to remand where the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted).

### B. The ALJ's Decision

ALJ Richard West followed the five-step process in determining that Ms. Pagan was not disabled from October 26, 2012 to September 25, 2015. The ALJ's findings may be summarized as follows:

**Step One:** At step one, the ALJ found that Ms. Pagan had not engaged in substantial gainful activity since October 26, 2012, the alleged start date of her disability. (R. 49).

**Step Two:** At step two, the ALJ determined that Ms. Pagan had the following severe impairments: depression, degenerative disc disease, diabetes mellitus, and hypertension. (R. 49).

5

**Step Three:** At step three, the ALJ found that Ms. Pagan did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, subpt. P., app. 1. (R. 50-52).

**Step Four:** At step four, "[a]fter careful consideration of the entire record," the ALJ found that Ms. Pagan had the following RFC:

> [T]he claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and/or carry 20 pounds occasionally, 10 pounds frequently, walk and/or stand 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. She cannot climb ladders, ropes, or scaffolds, or crawl; she cannot work around unprotected heights or machinery with moving parts; she is limited to work that can be learned in one month or less and that involves simple instructions; she is limited to work where the routine does not change throughout the day; she can have occasional interaction with supervisors and co-workers, and only incidental interaction with the general public; and she can work in proximity of coworkers but not together with them.

(R. 52). The ALJ also determined that Ms. Pagan was unable to perform her past relevant work as a babysitter (Dictionary of Occupational Titles ("DOT")# 301.677-010). (R. 54). The demands of that job exceed her RFC. (R. 54).

**Step Five:** At step five, the ALJ considered Ms. Pagan's age, education, work experience, and RFC, as well as the Medical-Vocational Guidelines. (R. 54). The Medical-Vocational Guidelines are tables that set forth presumptions of whether significant numbers of jobs exist in the national economy for a claimant. 20 C.F.R. Pt. 404, subpt. P, app. 2. These presumptions vary based on a claimant's age, education, work experience, and work capability. *Id.* The ALJ determined that Ms. Pagan had been able to perform jobs existing in significant numbers in the national economy since October 26, 2012. (R. 54-55). Relying on the opinion of the VE, the ALJ identified several representative jobs that Ms. Pagan could perform despite her limitations: scale operator (DOT# 555.687-010), microfilm mounter (DOT# 208.685-022), and sealing

6

machine operator (DOT# 690.685-154). (R. 54-55). According to the VE, there are over 170,000 such jobs nationally. (54-55).

Therefore, the ALJ ultimately determined that Ms. Pagan was "not disabled" for purposes of the Social Security Act. (R. 55).

### C. Analysis of Ms. Pagan's Appeal

Ms. Pagan challenges ALJ West's determination that she was not disabled from October 26, 2012 to September 25, 2015. First, Ms. Pagan claims that the matter should be remanded to consider new and material evidence. (Pl. Br. 13-16). Second, she argues that the ALJ should have considered the evidence evaluated by a different ALJ in a previous disability application that resulted in a denial on October 25, 2012. (Pl. Br. 17).

Third, she alleges that the ALJ did not afford her appropriate notice of her September 4, 2015 supplemental hearing. She claims that this violates her due process rights to notice and an opportunity to be heard. *See Matthews v. Eldridge*, 424 U.S. 319, 348-49 (1976). Fourth, Ms. Pagan asserts that the ALJ committed errors at step four: She alleges that the ALJ did not adequately consider Ms. Pagan's Function Report or the Third Party Function Report completed by her daughter; properly account for her psychiatric challenges (particularly in light of Dr. Paul Fulford and Dr. Steven Yalkowsky's assessments, which she alleges show a "significant deterioration" in her mental status); or appropriately evaluate her ability to stand throughout the day. (Pl. Br. 17-20). Ms. Pagan argues that the ALJ should have limited her to "sedentary" levels of work.

#### 1. New and Material Evidence

Ms. Pagan argues that the matter should be remanded to consider new and material evidence. She refers to treatment records, (R. 1090-1155), that she submitted to the Appeals Council, but were not before the ALJ and were not considered in his determination. (Pl. Br. 13).

7

Under 42 U.S.C. § 405(g), the Court can remand a case to the Commissioner to consider new evidence under limited circumstances:

> [The Court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

*Id.* (sixth full sentence). *See Matthews v. Apfel*, 239 F.3d 589, 592-93 (3d Cir. 2001); *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984). To justify a so-called "sentence six" remand, the evidence **(i)** must be "new," **(ii)** "material" (i.e., there must be a reasonable possibility that the evidence would have changed the outcome of the Commissioner's decision, *Szubak*, 745 F.2d at 833); and **(iii)** there must be "good cause" for the failure to incorporate the evidence in the prior hearing. *Matthews*, 239 F.3d at 592-93.

The evidence proffered by Ms. Pagan meets the criteria for a sentence six remand:

**(i)** First, the evidence is "new." These records were filed to the Social Security Appeals Council after the ALJ's decision and the ALJ did not review or consider them. *See Matthews*, 239 F.3d at 593.

**(ii)** Second, the evidence is material because there is a reasonable possibility that its introduction would have changed the ALJ's decision. The new evidence shows treatment from several months of physical therapy and includes notes from treating physicians. Under the "treating physician doctrine," courts "must give greater weight to the findings of a treating physician than to the findings of a physician who has examined the claimant only once or not at all." *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993); 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion is therefore accorded "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); *see Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir.

8

2000); ("A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." (internal quotations omitted)); *see also* 20 C.F.R. § 404.1527(c)(2). Thus, an ALJ may reject a treating physician's opinion "only on the basis of contradictory medical evidence." *Morales*, 225 F.3d at 318 (internal quotation marks omitted).

The additional medical evidence from Ms. Pagan may have altered the ALJ's decision, especially since ALJs must counter the opinion of a treating physician with contradictory medical evidence. Dr. Felix Almentero saw Ms. Pagan on several occasions. He reported many times that "Daily activity worsen[s] her condition." (R. 1110, 1114, 1118, 1122, 1128, 1136, 1140, 1150). He describes her work status as "Unable to do any work." (R. 1111, 1115, 1119, 1123, 1127, 1141, 1151). He also opined that Ms. Pagan is limited to lifting up to 10 pounds occasionally. (R. 1128, 1141, 1151). This directly conflicts with the ALJ's RFC determination, which provides that she "can lift and/or carry 20 pounds occasionally [and] 10 pounds frequently." (R. 52).

Other doctors, such as Dr. Shailendra Hajela, agreed that "Daily activity worsen[s] her condition," she is "[a]ble to walk short distances," and is "[a]ble to lift up to 10 pounds occasionally." (R. 1093-94). Several medical reports, including ones from Dr. Almentero, report that she experiences significant back pain. (R. 1110, 1114, 1118, 1122, 1128, 1136).

I am not dictating or suggesting the outcome of the claim on remand. I am stating that there is a reasonable possibility that evidence from treating physicians, based on a continuing observation of Ms. Pagan's condition over a period of time, might have changed the outcome. Thus, the new evidence is "material" for the purpose of 45 U.S.C. § 405(g); *see Szubak*, 745 F.2d at 833.

**(iii)** Third, Ms. Pagan has stated "good cause" for not submitting this evidence with her original application.[3] A finding of "good cause" requires "some justification for the failure to acquire and present such evidence to the Secretary." *Szubak*, 745 F.2d at 834 (citing *Brown v. Schweiker*, 557 F. Supp. 190, 192 (M.D. Fla. 1983)). Ms. Pagan has provided such a justification. The additional evidence includes treatment notes from after the date of the ALJ hearing (April 29, 2015) but before the date of the supplemental hearing (September 4, 2015). Ms. Pagan states that she would have been able to present these records to the ALJ had she been present at the supplemental hearing. (Pl. Br. 16). At the hearing, the ALJ asked the attorney if there was anything else he would like to contribute to the record. (R. 68). The attorney noted Ms. Pagan's low GAF score from Dr. Yalkowsky in July 2013, but did not submit any other evidence. (R. 69-70).

There are several facts that suggest Ms. Pagan had good cause for not presenting this information to the ALJ. According to Ms. Pagan, she did not get the opportunity to present this evidence at the supplemental hearing because the ALJ changed the time of the hearing without adequate notice. These facts were discussed in Section I, *supra*. It is unclear whether the alleged lack of notice was the fault of the ALJ or Ms. Pagan's attorney, but it is clear that the attorney did not bring this important, additional evidence to the ALJ's attention. (R. 68-69).

Ms. Pagan can reasonably state that she was not able to submit new evidence at the supplemental hearing because she was not in attendance—and that her absence was not purposeful or culpable. It does not appear that Ms. Pagan is acting in bad faith. As in *Szubak*, there is no evidence that Ms. Pagan was trying to conceal this new evidence. *Id.*; *see also Hamm v. Astrue*, No. 8-

---

[3] The SSA does not argue the issue of "good cause." (Def. Br. 10-12); *see* (Pl. Reply 2). Still, the claimant has the burden to demonstrate good cause for not having incorporated the new evidence into the administrative record. *Szubak*, 745 F.2d at 833; *Brown v. Schweiker*, 557 F. Supp. 190, 192 (M.D. Fla. 1983).

5010, 2009 WL 2222799, at *8 (D.N.J. July 22, 2009). Ms. Pagan is now represented by new counsel, who entered the case after the ALJ's decision. *See Szubak*, 745 F.2d at 834. This counsel has proffered the new medical evidence, which post-dated the original ALJ hearing; it does not appear that Ms. Pagan or her prior counsel withheld this evidence from the record on purpose.

True, the "good cause" requirement is designed to "encourage disability claimants to present to the ALJ all relevant evidence concerning the claimant's impairments." *Matthews*, 239 F.3d at 595. Otherwise, claimants "might be tempted to withhold medical reports, or refrain from introducing all relevant evidence, with the idea of obtaining another bite of the apple if the Secretary decides that the claimant is not disabled." *Szubak*, 745 F.2d at 834 (internal quotation marks omitted). Given the particular facts of this case, however, a remand here "presents little danger of encouraging claimants to seek after-acquired evidence, and then to use such evidence as an unsanctioned 'backdoor' means of appeal." *Szubak*, 745 F.2d at 834.

The evidence is new, it is material, and there is a reasonable explanation for Pagan's failure to introduce it earlier. I will therefore remand this case for further consideration.

### 2. Other Arguments for Remand

The new material evidence warrants a remand. There is thus no need to consider Ms. Pagan's other arguments, which include issues of due process and whether the ALJ's determinations were supposed by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, I will remand to the agency for further evaluation of Ms. Pagan's case. I express no opinion on what the decision should be on remand. An appropriate order accompanies this opinion.

Dated: January 18, 2018

KEVIN MCNULTY
United States District Judge

11